```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JESSE HARRIS,                                                     :
                                                                  :
                              Plaintiff,                          :
                                                                  :          21-MC-0515 (JMF)
               -v-                                                :
                                                                  :              ORDER
SONY MUSIC ENTERTAINMENT,                                         :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On July 14, 2021, Plaintiff — who is appearing here without counsel — purported to file an action, listing "Registration of a Judgment from Another District" as the "Nature of Case" in the case cover sheet. ECF No. 2. Plaintiff's submissions included documents from a case captioned *Harris v. Universal Music Group*, No. 1:20-CV-22177, pending in the U.S. District Court for the Southern District of Florida. Plaintiff included (1) an unsigned form titled "Clerk's Certification of a Judgment to be Registered in Another District"; (2) an "Affidavit for Default Judgment" that appears to have been written by Plaintiff himself; (3) a certificate of default, dated August 10, 2020, against Sony Music Entertainment signed by the Southern District of Florida's Clerk of Court; and (4) a document titled "Default Judgment" in the amount of $3,000,000 against Sony Music Entertainment, which appears to have been created and signed by Plaintiff and is not signed by any court. ECF No. 1.

A review of the docket for the case pending in the Southern District of Florida reveals that the Court vacated the certificate of default on August 17, 2020, *see* No. 1:20-CV-22177, ECF No. 34 — nearly eleven months before Plaintiff submitted it to this Court — and dismissed

Plaintiff's Complaint altogether on September 2, 2020, *see* No. 1:20-CV-22177, ECF No. 43. Nevertheless, Plaintiff has repeatedly sought of a writ of execution on Sony Music Entertainment for millions of dollars. *See* No. 1:20-CV-22177, ECF Nos. 56, 60, 63. The Florida Court has denied all of these motions, most recently in an Order stating that "there is and never will be a money judgment in this action," chastising Plaintiff for the resulting "waste of judicial resources," and warning that "FURTHER ATTEMPTS TO OBTAIN A WRIT OF EXECUTION WILL RESULT IN PENALTIES TO PLAINTIFF." No. 1:20-CV-22177, ECF Nos. 61 (capitalization in original). Despite that warning, Plaintiff filed another "writ of execution" on July 9, 2020, *see* No. 1:20-CV-22177, ECF No. 63, prompting a motion for sanctions from Sony Music Entertainment, *see* No. 1:20-CV-22177, ECF No. 66, and an August 11, 2021 order to show cause, *see* No. 1:20-CV-22177, ECF No. 67.

Under 28 U.S.C. § 1963, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Here, there is no judgment (let alone "certified copy" of a judgment). Accordingly, registration in this Court is patently improper.

Plaintiff's submission in this Court is disturbing and almost certainly sanctionable in its own right. He submitted the certificate of default even though it had been vacated almost eleven months earlier. He filed something purporting to be a "default judgment" even though it is no such thing and he had been told in no uncertain terms by the Florida Court that "there is and never will be a money judgment in this action." And having been rebuffed in his efforts to obtain a writ of execution in the Southern District of Florida, and threatened with sanctions as a

result, he is now seeking the same relief here. *See* ECF No. 3. Were it not for the fact that Plaintiff has already been ordered to show cause in Florida, the Court would almost certainly order him to show cause here. Instead, for the moment, it will merely share a copy of this Order with the Judge presiding over the Florida action for her to consider in connection with the show cause proceedings already under way. Plaintiff is cautioned, however, that further filings in this District of the sort he has made in this case will result in a litigation bar and/or sanctions.

The Clerk of Court is directed to close this case. In addition, the Clerk of Court is directed to mail a copy of this Order to the following:

1) Jesse Harris, PO Box 34234, Washington, DC 20043; and
2) Sony Music Entertainment, 25 Madison Ave., New York, NY 10010.

SO ORDERED.

Dated: August 12, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

3